IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK S. O'NEAL, | ) | CASE NO. 1:23-CV-651 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| MENTOR POLICE DEPARTMENT, et al., | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

*Pro se* Plaintiff Patrick S. O'Neal, an inmate in the Lake County Jail, filed this civil rights action under 42 U.S.C. § 1983 against the Mentor Police Department, Mentor Narcotics Detective Matthew Jacobs, the Woodspring Hotel, nka the Extended Stay America Hotel, and Woodspring Hotel Employee Jessie Tailor. (ECF No. 1, Compl.). Plaintiff contends that he had an outstanding warrant for his arrest and Tailor notified Detective Jacobs that Plaintiff was at the hotel. (*Id*. at PageID #6-7). Plaintiff claims that Tailor and Jacobs violated his Fourth Amendment right to privacy. (*Id*. at PageID #4). He seeks $335,000,000.00 in damages. (*Id*. at PageID #8).

## BACKGROUND

Plaintiff alleges that on August 31, 2022, he and his business partner went to the Woodspring Hotel where Plaintiff was staying with the mother of his son. (*Id*. at PageID #6). He indicates that it was late morning when they arrived. (*Id*.). He found that his key would not work to open the door to his room, so he returned to his truck with his business partner to wait for the mother of his son to return with her key. (*Id*.). He states that he passed several employees on his

1

way back to his truck, including maintenance man, Jessie Tailor. (*Id*.). After arriving at the truck, he decided to take a nap because he had just worked a twenty-five-hour shift. (*Id*.). Plaintiff claims that upon seeing him, Tailor immediately went inside the hotel and telephoned Mentor Police to inform them that Plaintiff was at the hotel. (*Id*.). The call was referred to Narcotics Detective Matthew Jacobs. Plaintiff had an outstanding warrant for his arrest. It is not clear from the Complaint whether Tailor recognized Plaintiff and knew he had an outstanding arrest warrant or whether he simply reported what he considered to be suspicious activity. Nevertheless, Detective Jacobs arrived at the hotel and spoke to Plaintiff and his business partner under the guise of a welfare check. (*Id*. at PageID #7). Plaintiff's identity was confirmed, and he was arrested on the warrant. Plaintiff claims that although police had a valid warrant for his arrest, they did not have a warrant for his information. He claims Tailor violated his Fourth Amendment rights by calling the police to provide information about him, and the police violated his Fourth Amendment rights by acting on the information. (*Id*. at PageID #8). He seeks $335,000,000.00 in damages. (*Id*.).

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### DISCUSSION

As an initial matter, three of the four Defendants are not subject to suit in a civil rights action. The Mentor Police Department is not *sui juris*, meaning, it is not a legal entity separate from the City of Mentor that can sue on its own or be sued. *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014). It is merely a subunit of the City of Mentor. Furthermore, Tailor and the Woodspring Hotel are private parties, not government officials or entities. Plaintiff's claim for violation of his Fourth Amendment rights arises, if at all, under 42 U.S.C. § 1983. This statute, however, provides a remedy against state and local officials who violate an individual's constitutional rights. Because Tailor and Woodsprint Hotel are not government officials or entities, they are not subject to suit under § 1983. Consequently, Plaintiff's claims against the Mentor Police Department, Tailor and Woodspring Hotel fail as a matter of law.

Moreover, Plaintiff fails to state a claim that his Fourth Amendment right to privacy was violated. He appears to allege that Tailor's observation of him in the parking lot and Tailor's telephone call to the police reporting his location violated the Fourth Amendment. The Fourth Amendment regulates only government action. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). It does not regulate the actions of private citizens, like Tailor. Furthermore, the Fourth Amendment does not preclude police officers or private citizens from making observations from a public vantage point where the officer or citizen has a right to be present and which renders the activities clearly visible. *California v. Ciraolo*, 476 U.S. 207, 213 (1986). There is "no reasonable expectation of privacy in what [one] knowingly exposes to the public." *Katz v. United States*, 389 U.S. 347, 360 (1967). Plaintiff was sitting in a public place readily observable to anyone in the parking lot or anyone able to look into the parking lot. His Fourth Amendment rights were not violated in the observance of his location and identity. Plaintiff's seizure is protected by the Fourth Amendment; however, police had a valid warrant for his arrest. Plaintiff has not alleged any facts that plausibly suggest any of the Defendants violated his Fourth Amendment rights.

## Conclusion

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. §1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: June 16, 2023

_Charles Fleming_
_____
CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE